*In re* ESTATE OF VERNON O. COMISKEY, Deceased (Joane Comiskey, Ex'r of the Estate of Vernon O. Comiskey, Respondent-Appellant and Cross-Appellee, *v.* Debra Comiskey, a Minor, by M. Marie Comiskey, her Mother and Next Friend, Petitioner-Appellee and Cross-Appellant).

First District (2nd Division)   No. 83—1760

Opinion filed June 19, 1984.

Robert F. Lisco and Sidney Z. Karasik, both of Chicago, for appellant.

Robert R. Canfield, of The Canfield Law Offices, of Rockford, for appellee.

JUSTICE DOWNING delivered the opinion of the court:

In this probate action, the trial court, after construing a life insurance policy provision in decedent's divorce decree, awarded the minor claimant one-half of decedent's insurance proceeds. Both the executor of the estate and the minor appeal. The executor raises two issues: (1) whether the trial court erred in construing the terms of the property settlement agreement and awarding one-half of the life insurance proceeds to claimant; and (2) whether the trial court erred in holding that *laches* and equitable estoppel were inapplicable to the claim of the minor. In her cross-appeal, the minor raises the issue of whether she was entitled to the full amount of the insurance proceeds.

The claim in this action was brought against the estate of Vernon O. Comiskey (decedent), who died on December 22, 1981. The executor of his estate, respondent Joane Comiskey (executor), is decedent's

widow and third wife. Petitioner Debra Comiskey[1] (Debra), a minor, is the child of decedent and his second wife, M. Marie Comiskey (Marie). Decedent and Marie were married on November 6, 1954, were divorced, and then remarried on December 31, 1955. Their child, Jenise A.[2] was born on September 22, 1955. Decedent and Marie adopted Debra, born on December 17, 1967, who was a minor at the time of decedent's death.

Decedent and Marie were divorced on October 26, 1970. The judgment for dissolution awarded decedent custody of Jenise and Marie custody of Debra. Decedent was ordered to pay a specified sum in alimony and child support. Article VI of the property settlement which was incorporated into the divorce judgment required that, in connection with six life insurance policies then owned by decedent, he was to:

> "A. Name the two minor children of the parties as irrevocable beneficiaries of said policies during their minority under the same terms and conditions now existing and furnish proof to the wife that same has been done.
>
> B. Pay the premiums when they become due.
>
> C. Direct the duplicate premium notices and receipts be sent to the wife.
>
> D. Make no further loans against said policies other than what has already been made and exist against said policies.
>
> E. Do all other acts and execute all documents needed to keep those policies in full force and effect and to accomplish all matters set forth above."

Schedule A of the agreement named the six policies which totaled the sum of $55,633. The policies at the time of the divorce named Marie as the primary beneficiary. Contrary to the settlement's mandate, the minor children Jenise and Debra were never named as irrevocable beneficiaries. Instead, in October of 1972, decedent named executor, whom he married in June of that year, as primary beneficiary on all six policies.

In October of 1976, Marie filed a petition to show cause why decedent should not be held in contempt for failure to pay alimony and child support. In that action, Marie did not raise the issue of decedent's failure to adhere to the settlement agreement in regards to the life insurance policies. *Comiskey v. Comiskey* (1977), 48 Ill. App. 3d 17, 366 N.E.2d 87, *appeal denied* (1977), 66 Ill. 2d 629.

---

[1]Also spelled Deborah in the record.

[2]Also spelled Jeanise in the record.

After decedent's death, the total proceeds of the policies were paid to executor. Marie filed this claim on behalf of Debra against decedent's estate, seeking the sum of $55,633 based upon decedent's failure to name Debra as an irrevocable beneficiary on the insurance policies in accordance with the settlement agreement. The estate answered and raised the affirmative defenses of statute of limitations, *laches* and that the minor was adequately provided for by social security.

At trial, Debra presented evidence from a life insurance company employee who supplied information about the changes in the named beneficiaries and the amounts paid to executor after decedent's death. Marie testified that she did not receive the notices from decedent regarding the policies called for under the settlement agreement.

On behalf of the estate, decedent's father, brother and executor testified that Marie had conversations with decedent in which she stated that she didn't care about the life insurance policies as long as she was provided for by social security. The witnesses further stated that Marie had a bad reputation in the community for truth and veracity.

The estate also presented the expert testimony of an attorney who specializes in the domestic relations practice. He stated that in his opinion, the settlement agreement was ambiguous and that it was not clear whether the life insurance proceeds were meant as security for decedent's support obligations, whether the minor should receive a windfall at decedent's death, or whether the estate should pay the minor's support out of the proceeds. During rebuttal, Marie denied ever making any statements that she was not concerned with life insurance.

The trial court entered an order allowing Debra the sum of $30,354.64, one-half of the amount that Joane had received in total for the six policies. On Debra's subsequent motion, this award was later modified because decedent had, in contravention of the property settlement, made a loan on the policies subsequent to the divorce. The judgment was therefore increased to include one-half of $2,507.35, the amount of the loans. Both executor and Debra filed notices of appeal from the judgment.

### Appeal By The Estate

#### I

■ Executor claims that the trial court erroneously construed the life insurance provision in the property settlement agreement by failing

to give effect to the intent of the parties that the insurance provision was intended solely as security for the payment of decedent's child support obligations. Since Debra was 15 years old at the time of decedent's death, his obligation for support payments until her majority would have only totaled $9,000 plus the cost of extraordinary medical expenses. Because the amount of the policies greatly exceeded the support requirements and the reasonable construction of the agreement was to protect Debra's interest in the support payments, the estate concludes that Debra was only entitled to the portion of the policies which covered decedent's remaining obligations to her.

Executor cites *Halas v. Executor of Estate of Halas* (1983), 112 Ill. App. 3d 940, 445 N.E.2d 1264, for support of her argument that the proceeds of the policies should have been paid to Debra only in the amount of decedent's remaining support obligations. *Halas,* however, is inapposite because there, the parties agreed that the alimony in gross payments, which included child support, would continue after decedent's death. In the settlement agreement, the husband had covenanted to maintain life insurance in any amount "no less than the unpaid balance of the alimony in gross due and owing the wife at any time, naming the wife or a trust for the benefit of wife as irrevocable beneficiary thereof until the husband's said obligation to pay alimony in gross to wife has ceased." 112 Ill. App. 3d 940, 943.

In the case at bar, the life insurance provision was a separate article which followed articles pertaining to the alimony allowance for Marie, education of the children, and medical, dental and related expenses, without any reference to the obligations contained therein. There is no indication from the divorce decree that the life insurance proceeds were intended to be related to or disbursed only to the extent of the support obligations. We cannot agree with the opinion of the estate's expert that the document was ambiguous, or that the words in paragraph E of article VI that decedent should do all acts to accomplish "all matters set forth above" created confusion and might refer to all of decedent's previously named support obligations.

Further, we find it significant that at the time that the instant settlement was entered into, the obligation to pay child support terminated upon the obligor's death. (See *In re Estate of Lewis* (1974), 18 Ill. App. 3d 748, 750, 311 N.E.2d 694.)[3] The provision was not drafted

---

[3]Public Act 80—923, effective October 1, 1977, changed the law on this topic (Ill. Rev. Stat. 1977, ch. 40, par. 510(c)) and now a lump sum payment, determined at the time of dissolution, is allowed to provide for support obligations after death. Ill. Ann. Stat., ch. 40, par. 510, Historical and Practice Note, at 702-03 (Smith-Hurd 1980).

to satisfy a statutory obligation decedent had, but rather was a voluntary commitment. We think it clearly was the intent of the decedent to treat Jenise and Debra as irrevocable beneficiaries of said policies. We believe that if the intent of the parties was that the proceeds be distributed in the manner the estate now suggests, the parties would have specifically provided for this in the document. For these reasons, we reject the estate's contention.

## II

■ The estate also claims that the trial court incorrectly held that *laches* and equitable estoppel were inapplicable to this claim because the rights of a minor were involved. The estate is correct in its assertion that these defenses apply in matters of child support. This action does not, however, involve an attempt to enforce a child support obligation by a spouse; rather, it concerns an attempt by a minor to recover, as a third-party beneficiary, under a contract. (See *Prudential Insurance Co. of America v. Rader* (D. Minn. 1951), 98 F. Supp. 44, 48; *Forman v. Forman* (1966), 17 N.Y.2d 274, 283-84, 270 N.Y.S.2d 586, 591-92, 217 N.E.2d 645, 649.) The fact that Marie did not attempt to compel decedent's compliance with the insurance provision does not affect Debra's rights under the settlement agreement. (*Travelers Insurance Co. v. Daniels* (7th Cir. 1981), 667 F.2d 572, 574-75.) Also, it is to be remembered that it was the decedent's intent to provide a benefit to his minor children and that at the time of the action, Debra was still a minor. (See *Keal v. Rhydderck* (1925), 317 Ill. 231, 239, 148 N.E. 53, where it was recognized that generally, the doctrine of equitable estoppel has no application to infants.) The trial court's ruling was therefore correct.

APPEAL BY DEBRA

## III

■ Debra claims that the trial court erroneously held that the executor could retain one-half of the insurance proceeds by reason of a change in beneficiaries made in contravention of the divorce judgment. She reasons that the first class of beneficiaries consists of herself and Jenise, the intended irrevocable beneficiaries under the divorce agreement, and the second class is the executor, the subsequently named beneficiary. Debra contends that the rights and status of the beneficiaries were in the minor children from the time of the divorce and because decedent changed the beneficiary designations while the children were still in their minority, this modification

was not legal. Debra argues that the two classes clearly conflict and no law supports the conclusion that they should be joined into one class with the result that they share equally in the proceeds.

It is well settled that where an insured, pursuant to a divorce decree, agrees to change beneficiaries on life insurance policies but does not do so, "the law will regard him as having done that which he is obligated to do and will treat the policies as equitably assigned to the persons who should have been named as beneficiaries." (17 Couch, Insurance sec. 63A:162, at 98 (2d rev. ed. 1983), and cases cited therein.) Illinois courts have held that a property settlement in a divorce proceeding requiring an insured to name his children as beneficiaries gives the minor an equitable right which may be enforced. (*Brunnenmeyer v. Massachusetts Mutual Life Insurance Co.* (1978), 66 Ill. App. 3d 315, 318, 384 N.E.2d 446.) Children who have such an equitable right are entitled to receive the proceeds even though they were not the named beneficiaries at the time of the insured's death. *Travelers Insurance Co. v. Daniels* (7th Cir. 1981), 667 F.2d 572, 573.

The sole case relied upon by the trial court, and the only one our research has disclosed, which deals with the particular set of circumstances involved in the instant case, is *Riser v. Riser* (1972), 7 Wash. App. 647, 501 P.2d 1069. There, the husband was required by a divorce decree to maintain life insurance policies for his two minor children "until such time as said children shall have attained the age of majority or become otherwise emancipated ***." (7 Wash. App. 647, 648, 501 P.2d 1069, 1070.) The husband thereafter designated his second wife as beneficiary on the policies and died after his son had reached majority but while his daughter was still a minor. The full amount of the proceeds was paid to the second wife by the life insurance company.

The *Riser* court noted that the life insurance provision was in addition to support and maintenance, and the policy and proceeds were payable without regard to any remaining support payments. The court also recognized that the father had no statutory duty to support his children after his death, and thus he could place limitations upon this voluntary commitment. The court then reasoned that upon the son's emancipation, his interest reverted back to the father as owner of the policies. Since it was apparent that the father intended to treat each child equally under the provision, the minor was only entitled to one-half of the policy proceeds. 7 Wash. App. 647, 651-52, 501 P.2d 1069, 1072.

We find the reasoning of the *Riser* case persuasive. Because decedent in the case at hand only agreed to give one-half of the policy

proceeds to each child in the divorce agreement, and one-half had lapsed because of Jenise's emancipation, her portion should then revert back to decedent whose named beneficiary was the executor. In view of the circumstances in this case, the decision of the trial court to award Debra one-half of the proceeds previously paid to the executor was, in our opinion, correct.

For the reasons stated above, the judgment of the circuit court of Cook County is hereby affirmed.

Affirmed.

HARTMAN, P.J., and STAMOS, J., concur.