LAWRENCE E. REAVER, as Trustee of the Reaver Family Trust, *et al.*, Plaintiffs-Appellees, v. RUBLOFF-STERLING, L.P., Defendant-Appellant.

Third District No. 3—98—0560

Opinion filed March 12, 1999.

Theodore Liebovich (argued), of Rockford, for appellant.

Richard A. Palmer (argued), of Ward, Murray, Pace & Johnson, P.C., of Sterling, for appellees.

JUSTICE BRESLIN delivered the opinion of the court:

Defendant Rubloff-Sterling (Purchaser) appeals from the trial court's issuance of summary judgment in favor of plaintiff Lawrence E. Reaver (Seller) regarding a real estate contract dispute. The trial court held the contract unambiguously entitled the Seller to interest payments on the agreed sales price even though the Purchaser failed to exercise its option to buy the parcel of land. Based on a careful review of the contract, we affirm. In so doing, we also hold that the payment of statutory interest on this judgment does not amount to the payment of interest on interest, so as to violate the prohibition against compound interest.

## FACTS

The parties' initial agreement concerned a 29.5-acre parcel of com-

mercial real estate. The Purchaser's obligation to close the transaction was subject to its obtaining, within 45 days of the signing of the contract, the permission of the Illinois Department of Transportation to install two curb cuts that would allow more convenient access to the property. The contract also contained a "prevailing party" provision, obligating the losing party to pay the prevailing party's attorney fees in the event of litigation over the contract.

The parties later executed a substantial amendment to the original sales contract. Through the amendment, the original parcel was divided into two smaller parcels—parcel 1 and parcel 2. The parties closed on parcel 1 for a price of $458,450, and the Purchaser was granted an option to buy parcel 2 if it could obtain the desired curb cuts.

The disputed provisions of the amendment read as follows:

*"Purchase Price for the Premises.* [A]s consideration for this Second Amendment, Purchaser shall pay [the] Seller the sum of $1,750 upon the execution of this agreement which shall be non-refundable. Purchaser shall pay to the Seller for Parcel 2 of the Premises *** the sum of $668,550, payable $5,000 as earnest money which has been deposited *** and the balance of $663,550 on the Closing Date for Parcel 2, together with any accrued but unpaid interest at the rate of 8.25% from the date of the closing of Parcel 1. Interest on the $663,550 shall be payable quarterly in arrears from the date of the closing of Parcel 1. This interest shall be refundable only in the event that the Seller is unable to complete the sale of Parcel 2.

\* \* \*

*Contingencies.* Seller and Purchaser acknowledge that the obligation of Purchaser to complete the purchase of Parcel 2 is expressly contingent upon satisfaction by the Purchaser of the following conditions *** [obtaining written approval for the curb cuts]. *** If this contingency is not satisfied or waived, the Purchaser's obligations hereunder shall terminate.

\* \* \*

*Closing Date and Closing Documents.* *** Purchaser may extend the closing on Parcel 2 for a period not to exceed one year by notifying Seller *** and continuing to pay the Seller quarterly interest payments during the extended option period."

The Purchaser never obtained permission for the curb cuts and made no quarterly interest payments. When the Purchaser refused to pay the interest payments, the Seller commenced this suit.

The Seller filed a motion for summary judgment contending that the plain language of the contract provided that he was owed approximately $40,000 in interest on the option to buy parcel 2. In grant-

ing summary judgment to the Seller, the court awarded him $41,057.16 (3 payments of $13,685.72) in interest pursuant to the contractual amendment. In addition, the court granted the Seller $7,633.20 in attorney fees and $3,382.70 in statutory interest. The statutory interest payments were calculated as follows:

| Amount Due | Date Due | Interest from date due to date of Judgment |
|---|---|---|
| $13,685.72 | 8/14/96 | 678 days @ 5% = $1,271.08 |
| $13,685.72 | 11/14/96 | 586 days @ 5% = $1,098.61 |
| $13,685.72 | 3/14/97 | 466 days @ 5% = $ 873.64 |
| | | $3,243.33. |

The Purchaser now appeals.

## DISCUSSION

The central question on appeal is whether the trial court erred when it found the contract unambiguously required the Purchaser to pay the Seller interest on the agreed sales price even though the Purchaser failed to exercise its option to buy the parcel.

■ When construing a contract, the contractual terms are given their plain and ordinary meaning. *Little v. Tuscola Stone Co.*, 234 Ill. App. 3d 726, 600 N.E.2d 1270 (1992). Construing the language of a contract is a question of law appropriate for summary judgment unless the contract is ambiguous. *People ex rel. Burris v. Memorial Consultants, Inc.*, 224 Ill. App. 3d 653, 587 N.E.2d 34 (1992). A contract is ambiguous if it is subject to more than one reasonable interpretation. *Pre-Fab Transit Co. v. Northbrook Property & Casualty Insurance Co.*, 235 Ill. App. 3d 103, 600 N.E.2d 866 (1992). If the language of a contract is unambiguous, the intent of the parties must be determined solely from the words of the contract. *Farm Credit Bank v. Whitlock*, 144 Ill. 2d 440, 581 N.E.2d 664 (1991). We review a trial court's determination of a contract *de novo*. *Pennsylvania Life Insurance Co. v. Pavlick*, 265 Ill. App. 3d 526, 637 N.E.2d 1160 (1994).

■ As the trial court stated in its order, the contract language on this issue is "clear and unequivocal." The interest on parcel 2 was to be payable quarterly, in arrears, from the date of the closing on parcel 1. Consequently, the Purchaser had an ongoing obligation to pay interest under the contract until the curb cut issue was decided. As a result, we find the trial court did not err in determining that the Purchaser's obligation to pay interest was not contingent upon its obtaining curb cut permission.

The Purchaser contends that the $1,750 payment, made in conjunction with the execution of the amendment, was intended to be

the sole consideration for the option to buy parcel 2. The terms of the amendment, however, do not bear out this argument. According to the plain language of the amendment, the $1,750 payment was consideration "for this Second Amendment." Because we may not inquire beyond such unambiguous contractual language when determining the intent of the parties, we find that the $1,750 payment by the Purchaser did not affect its obligations to make other payments under the agreement.

■ Next, the Purchaser argues that the word "terminate" in the contingency provision should somehow alleviate its responsibility to have made the interest payments. As the trial court found, however, "terminate" simply means "to bring to an ending." See Webster's Third New International Dictionary 2359 (1986). The contract does not use words like "expunge" or "refund." Nor does it use phrases like "vacate and hold for naught." Given that we are to discern the intent of the parties solely from the words of their contract, we affirm the trial court's holding that the word "terminate" does not affect the Purchaser's obligation to pay interest under the contract.

As to the issue of statutory interest, the Purchaser argues that the trial court improperly awarded the Seller compound interest. We disagree.

■ Compound interest exists when accrued interest is added to the principal sum and the whole is treated as a new principal for the calculation of the interest for the next period. Black's Law Dictionary 812 (6th ed. 1990). Compound interest is disfavored under Illinois law. *Harrington v. Kay*, 136 Ill. App. 3d 561, 483 N.E.2d 560 (1985).

■ The Interest Act (Act) (815 ILCS 205/2 (West 1996)) provides creditors shall be allowed 5% interest for all monies after they become due on "any bond, bill, promissory note, or other instrument of writing." 815 ILCS 205/2 (West 1996). A contract for the sale of real estate qualifies as an "instrument of writing" under this provision of the Act. See *Farwell Construction Co. v. Ticktin*, 84 Ill. App. 3d 791, 405 N.E.2d 1051 (1980). The decision to allow statutory interest lies within the sound discretion of the trial court. *Bank of Chicago v. Park National Bank*, 277 Ill. App. 3d 167, 660 N.E.2d 19 (1995).

■ Although the monies owed to the Seller were calculated as interest on the purchase price of parcel 2, the payments represent the amount the Purchaser paid for the option to buy parcel 2. Therefore, when the Purchaser refused to make the payments required under the contract, the Seller became entitled to statutory interest from the date the payments were due. As its judgment order makes abundantly clear, the court's calculation of statutory interest in this case represents simple interest on the overdue payments. Therefore, we

hold the trial court properly awarded the Seller statutory interest on those amounts.

For the foregoing reasons, we affirm the circuit court of Whiteside County.

Affirmed.

HOLDRIDGE, P.J., and SLATER, J., concur.