No. 3--06--0269
Filed March 23, 2007.

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2007

| | | |
|---|---|---|
| In the Matter of the Estate of RONNIE BECKHART, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Rock Island County, Illinois, |
| Deceased | ) ) | |
| (JAYNE LAISNER, mother and next friend of RYAN BECKHART, a minor, | ) ) ) ) | |
| Petitioner-Appellant, | ) ) | No. 04--P--126 |
| v. | ) ) | |
| PATRICIA BECKHART, Administrator of Estate of Ronnie Beckhart, deceased, | ) ) ) | Honorable Mark A. VandeWeile, |
| Respondent-Appellee). | ) | Judge, Presiding. |

JUSTICE CARTER delivered the opinion of the court:

The petitioner, Jayne Laisner, mother and next friend of minor Ryan Beckhart, filed first a probate claim for insurance proceeds in the deceased's estate, then a motion for constructive trust, alleging that the respondent, Patricia Beckhart, improperly used the proceeds from a life insurance policy. The circuit court found that laches barred the petitioner's claim. On appeal, the petitioner argues that the circuit court erred

when it denied her motion for constructive trust.  We reverse and remand.

FACTS

The parties entered a joint statement of facts, which revealed the following relevant facts:

On December 7, 2001, the circuit court entered an order in a separate case that adopted a settlement agreement between the petitioner and the decedent, Ronnie Beckhart.  In relevant part, the agreement required that "[b]oth parties shall name [their son, Ryan Beckhart] as a direct or indirect beneficiary on any life insurance policies provided to them at no cost from the employer."  The decedent's employer provided him a life insurance policy at no cost, on which the decedent named his estate as beneficiary.  The decedent never changed the beneficiary on this policy.

The decedent died intestate on March 7, 2004.  The circuit court issued a letter of administration on March 18, 2004, which named the respondent the administrator of the decedent's estate.

On March 24, 2004, the respondent published a legal notice of the decedent's death, and stated that any estate claims must be made on or before October 30, 2004.  The advertisement ran until April 7, 2004.

On April 1, 2004, the petitioner's attorney filed an estate claim on Ryan's behalf.  In relevant part, the claim requested

"the proceeds of any life insurance policies provided to decedent by his employer in effect as of the date of the entry of the court's order of December 7, 2001, in Case No. 01 F 210, for which the decedent was ordered to name the minor child as a direct or indirect beneficiary." The claim was filed with the circuit court on April 7, 2004.

On April 23, 2004, the insurance company paid the proceeds of the decedent's life insurance policy to his estate.

On May 5, 2004, the respondent filed an inventory of the decedent's estate, which included real estate valued at $14,877.74, the life insurance policy valued at $25,000, a savings account containing $1,584.71, a checking account containing $1,059.72, and a share account containing $5.

On March 10, 2005, the petitioner's attorney filed a motion to withdraw, which she made at the petitioner's request. The court granted the motion to withdraw on March 24, 2005.

On March 30, 2005, the petitioner's new attorney filed his entry of appearance and filed a motion to establish a constructive trust. In the motion, the petitioner's attorney alleged that the respondent had been improperly using the proceeds from the life insurance policy for estate expenses.

The respondent filed her answer on October 13, 2005. In relevant part, she asserted the affirmative defense of laches, alleging that the motion for constructive trust was not filed

3

until one year after the insurance policy proceeds were distributed, and that the delay prejudiced the estate because the proceeds were used for estate expenses.

The circuit court issued its decision on March 10, 2006. The court found that the 12-month delay in filing for a constructive trust was solely attributable to the petitioner, which served to bar the petitioner's claim via the doctrine of laches. Accordingly, the circuit court denied the petitioner's motion for a constructive trust. The petitioner appealed.

ANALYSIS

On appeal, the petitioner argues that the circuit court erred when it denied her motion for a constructive trust. Specifically, she argues that the estate claim was timely filed, the delay in bringing the motion for constructive trust was not prejudicial, and that a constructive trust is the appropriate remedy for Ryan to receive the policy's proceeds. However, resolution of this issue requires us to initially determine who was entitled to the policy's proceeds.

The Probate Act of 1975 (755 ILCS 5/1--1 et seq. (West 2004)) does not govern the rights of a beneficiary to the proceeds of a life insurance policy. Bergheger v. Boyle, 258 Ill. App. 3d 413, 629 N.E.2d 1168 (1994). Section 1 of the Third Party Beneficiary Contract Act (755 ILCS 30/1 (West 2004)) provides that "[t]he designation in accordance with the terms of

4

any insurance *** contract *** shall not be subject to or defeated or impaired by any statute or rule of law governing the transfer of property by *** intestacy."

In this case, the settlement agreement of December 7, 2001, required that the decedent name Ryan as the beneficiary of the life insurance policy the decedent had through his employer. The decedent failed to do so before he died. The petitioner did not file a claim with the insurance company; rather, the insurance company paid the proceeds to the decedent's estate, who was the listed beneficiary. The respondent used the proceeds to pay the estate's expenses, despite the fact that the petitioner filed an estate claim asserting that Ryan had a superior right to the proceeds. It is not unusual in a settlement agreement to impose an obligation to maintain life insurance to secure a child's support. See In re Estate of Downey, 293 Ill. App. 3d 234, 687 N.E.2d 339 (1997). It is also not unusual for parents to agree to secure this type of benefit for a child in discharge of their moral obligations, and as a token of parental affection. Ryan obtained a vested, contingent right to those benefits when the settlement agreement was entered and the judgment became final. See Smithberg v. Illinois Municipal Retirement Fund, 192 Ill. 2d 291, 735 N.E.2d 560 (2000).

A settlement agreement that requires an insured to name his child as the beneficiary of a life insurance policy vests the

5

child with an equitable right that can be enforced. <u>Estate of Comiskey</u>, 125 Ill. App. 3d 30, 465 N.E.2d 653 (1984). If the insured fails to name his child as the beneficiary, equity mandates that courts treat the policy as if the child had been named as the beneficiary. <u>Comiskey</u>, 125 Ill. App. 3d 30, 465 N.E.2d 653. Because equity will regard as done what ought to be done, we find that Ryan was entitled to the proceeds as the proper beneficiary of the policy, not the estate, and that the respondent was without authority to use the proceeds for estate expenses. See <u>Smithberg</u>, 192 Ill. 2d 291, 735 N.E.2d 560; <u>Lincoln National Life Insurance Co. v. Watson</u>, 71 Ill. App. 3d 900, 390 N.E.2d 506 (1979).

A constructive trust may be imposed when one party receives property belonging to another under circumstances in which the receiver would be unjustly enriched if allowed to retain the property. <u>In re Estate of Wallen</u>, 262 Ill. App. 3d 61, 633 N.E.2d 1350 (1994); Restatement of Restitution §160 (1937). When a beneficiary's right to a policy's proceeds vests before the insured changes the beneficiary, the court should impose a constructive trust on the policy's proceeds to protect the intended beneficiary's equitable, vested right. <u>Perkins v. Stuemke</u>, 223 Ill. App. 3d 839, 585 N.E.2d 1125 (1992). As a remedy, imposing a constructive trust requires any other party who receives the insurance proceeds, but who has an inferior

6

equitable right to them, to hold the proceeds solely for the vested beneficiary. <u>Perkins</u>, 223 Ill. App. 3d 839, 585 N.E.2d 1125.

> "The remedial character of the constructive trust is brought out by Chief Judge Cardozo in several cases decided by the Court of Appeals of New York.
>
> 'A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee.' <u>Beatty v. Guggenheim Exploration Co.</u>, 225 N.Y. 380, 386, 122 N.E. 378 (1919).
>
> 'A constructive trust is then the remedial device through which preference of self is made subordinate to loyalty to others.' <u>Meinhard v. Salmon</u>, 249 N.Y. 458, 467, 164 N.E. 545, 62 A.L.R. 1 (1928)." Restatement of Restitution §160 (Supp. 1937).

By court order, Ryan had a vested interest in the proceeds of the insurance policy superior to others.

Once the administrator was put on notice of the claim, and so indicated had an inferior equitable right to the insurance proceeds, the administrator had an obligation to hold the proceeds solely for Ryan, the vested beneficiary. None of the

7

facts in this case make the estate administrator's equitable intent superior to the equitable intent of the claim. In a probate proceeding, a claim founded upon an equitable theory, such as constructive trust, is within the jurisdiction of the court. Hobin v. O'Donnell, 115 Ill. App. 3d 940, 451 N.E.2d 30 (1983); see also Wallen, 262 Ill. App. 3d 61, 633 N.E.2d 1350. No formal pleading need be set forth as long as the claim states sufficient information to describe the nature of the claim or the relief sought. Sheetz v. Morgan, 98 Ill. App. 3d 794, 424 N.E.2d 867 (1981); see also In re Estate of Engel, 87 Ill. App. 3d 273, 408 N.E.2d 1134 (1980). The duty of the constructive trustee is to transfer the insurance proceeds to the proper beneficiary. See Smithberg, 192 Ill. 2d 291.

The petitioner argues that the circuit court erred when it found that laches operated to bar her claim and motion for constructive trust. We agree.

The defense of laches requires a showing that (1) a party has exhibited an unreasonable delay in asserting a claim; and (2) the opposing party has suffered prejudice as a result of the delay. Tully v. State, 143 Ill. 2d 425, 574 N.E.2d 659 (1991); see Restatement of Restitution §148 (1937). The doctrine of laches is grounded in the principle that courts are reluctant to come to the aid of a party who knowingly slept on rights to the detriment of the other party. Tarin v. Pellonari, 253 Ill. App.

8

3d 542, 625 N.E.2d 739 (1993).  We review the circuit court's application of laches for an abuse of discretion.  Kurtz v. Solomon, 275 Ill. App. 3d 643, 656 N.E.2d 184 (1995).

In this case, the circuit court abused its discretion when it applied laches for several reasons.  First, laches does not apply to minors.  Kurtz, 275 Ill. App. 3d 643, 656 N.E.2d 184.  Second, the respondent knew that Ryan was asserting his right to the policy's proceeds when the petitioner timely filed the estate claim.  Accordingly, the respondent cannot now argue that the one-year delay in filing the motion was prejudicial.  See Tully, 143 Ill. 2d 425, 574 N.E.2d 659.  Third, actions for a constructive trust are subject to a five-year statute of limitations.  735 ILCS 5/13--205 (West 2004); Frederickson v. Blumenthal, 271 Ill. App. 3d 738, 648 N.E.2d 1060 (1995).  For these reasons, we find that the circuit court erred when it found that laches applied to bar the petitioner's motion for a constructive trust.  We find nothing unreasonable about the actions of the child's mother in filing a claim within a month against the estate for the insurance proceeds, and then a year later filing a constructive trust motion.

In this case, it is clear that the circuit court should have granted the petitioner's motion for a constructive trust.  See Wallen, 262 Ill. App. 3d 61, 633 N.E.2d 1350; Perkins, 223 Ill. App. 3d 839, 585 N.E.2d 1125.  Because the claimant ought to be

9

able to enforce his claim, the claimant made a sufficient showing to require the administrator to sort out and account for the insurance proceeds.  See <u>Wallen</u>, 262 Ill. App. 3d 61, 633 N.E.2d 1350.  On appeal, the respondent has indicated that the policy's proceeds have been spent, possibly in whole.  On remand, the circuit court must determine what is left in the estate and what must be done about Ryan's right to immediate possession and ownership of the <u>res</u>, and to fashion an appropriate and just remedy.  See <u>Wallen</u>, 262 Ill. App. 3d 61, 633 N.E.2d 1350; see also <u>Sadacci v. Monhart</u>, 128 Ill. App. 3d 250, 470 N.E.2d 589 (1981).

The judgment of the circuit court of Rock Island County is reversed, and the cause is remanded for proceedings consistent with this decision.

Reversed and remanded.

LYTTON, P. J. and HOLDRIDGE, J. concur.