No. 3--05--0771

Filed June 6, 2007.

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2007

| | | |
|---|---|---|
| COLLEEN ALLTON, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellee, | ) | Will County, Illinois, |
| | ) | |
| | ) | |
| v. | ) | No. 03--D--2023 |
| | ) | |
| LISA HINTZSCHE, as independent | ) | |
| administrator of the Estate of | ) | |
| GUY BLAKE ALLTON, deceased, | ) | Honorable |
| | ) | Robert P. Brumund, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE LYTTON delivered the Opinion of the court:

The defendant, Lisa Hintzsche, the independent administrator of the estate of Guy Blake Allton, appeals from the circuit court's order directing an insurance company to pay the proceeds of a life insurance policy to the plaintiff, Colleen Allton. Hintzsche argues that Guy and Colleen's children were entitled to the life insurance proceeds because the marital settlement agreement required Guy to change the policy's beneficiary from Colleen to the children. We reverse and remand.

FACTS

Colleen and Guy married on August 8, 2000. They had two children together. On August 10, 2000, Guy obtained a life insurance policy for $100,000. He named Colleen as the primary beneficiary and his father as the successor beneficiary.

Colleen filed for divorce on December 12, 2003. The circuit court entered a judgment for dissolution of marriage on May 19, 2004. In its order, the court adopted a Marital Settlement Agreement (Agreement) into which the parties entered. The Agreement contained the following property settlement provision regarding life insurance benefits:

"Each party shall maintain a life insurance policy upon his or her life, such that upon the death of said party, each child of the parties shall be entitled to receive death benefits, in an amount of not less than $50,000.00 per child. Each party shall be obligated to maintain said policies so long as the parties have an obligation to support the children or contribute to their post-secondary education. Neither party shall cause liens to be secured against said benefits, which would diminish the aforesaid proceeds to a child of the parties. Following the execution hereto, each party agrees to obtain and keep said policies in full force and effect and to designate the children of the parties as the sole irrevocable beneficiaries under said policies. Each party shall provide the other with proof of the existence, terms and provisions of said policies within 30 days of the entry of a Judgment herein and thereafter annually provide proof that said policies have been maintained."

The Agreement also contained the following provision in its "Miscellaneous Provisions" section:

> "Each of the parties, his or her heirs, executors and administrators, in accordance with the terms hereof, upon the demand of the other party, will execute any and all instruments and documents as may be designated herein or as may be reasonably necessary to make effective the provisions of this agreement and release his or her respective interests in any property, real or personal belonging to or awarded to the other. It is the intention of the parties that this Agreement shall constitute a complete adjustment of the property rights of the parties hereto and that each party will perform all subsidiary acts to accomplish same."

The Agreement did not specifically mention Guy's existing life insurance policy.

On November 23, 2004, Guy died in a car accident. Hintzsche, the administrator of Guy's estate, filed a Petition to Enforce Divorce Decree and Reform Beneficiary Designation on June 30, 2005. In the petition, Hintzsche stated that State Farm Insurance Company requested a court order directing the payment of the proceeds of Guy's life insurance policy because Colleen was claiming that the proceeds should be paid to her despite the Agreement's provisions. Hintzsche alleged that the life insurance proceeds should be paid to the children, rather than to Colleen.

At the hearing on the petition, the court found that:

3

"There is nothing in this judgment that required the specific policy that he had at the time of his death or at the time of the judgment to name the children. It specifically says, 'following the execution hereto, each party agrees to obtain and keep in full force.' Well, it says that the parties agree to obtain. That doesn't mean that the parties agree to change the beneficiaries on the policies as they existed prior to the judgment for dissolution of marriage."

The court denied Hintzsche's petition and ordered State Farm to pay the policy's proceeds to Colleen.

ANALYSIS

On appeal, Hintzsche argues that the circuit court erred when it ordered State Farm to pay the policy's proceeds to Colleen. Specifically, Hintzsche argues that the fact that Guy did not change beneficiaries on the life insurance policy does not affect the rights of the children, who were the intended beneficiaries, as evidenced by the Agreement's language. Colleen contends that the trial court correctly found that the Agreement did not require Guy to make the children the beneficiaries of his existing life insurance policy because the Agreement did not specifically refer to that policy.

In Illinois, a divorce decree does not affect the rights of the divorced wife as beneficiary of the husband's life insurance policy. O'Toole v. Central Laborers' Pension & Welfare Funds, 12 Ill. App. 3d 995, 299 N.E.2d 392 (1973). However, the rights of

4

the divorced wife could be affected if a property settlement agreement specifically includes a termination of the beneficiary's interest. See O'Toole, 12 Ill. App. 3d 995, 299 N.E.2d 392. If, pursuant to a divorce decree, the parties agree to change beneficiaries on a life insurance policy but do not do so, equity requires that the proceeds be paid to the persons who should have been named as beneficiaries. Home Insurance Co. v. Hortega, 193 Ill. App. 3d 941, 550 N.E.2d 688 (1990); In re Estate of Comiskey, 125 Ill. App. 3d 30, 465 N.E.2d 653 (1984); Travelers Insurance Company v. Daniels, 667 F.2d 572 (1981) (child entitled to father's life insurance proceeds when a divorce decree required father to change beneficiaries, but he failed to do so).

When interpreting a marital settlement, courts seek to give effect to the parties' intent. In re Marriage of Dundas, 355 Ill. App. 3d 423, 425-26, 823 N.E.2d 239, 241 (2005). The language used in the marital agreement is generally the best indication of the parties' intent. Dundas, 355 Ill. App. 3d at 426, 823 N.E.2d at 241. When the terms of the agreement are unambiguous, we determine the parties' intent solely from the language of the instrument. In re Marriage of Michaelson, 359 Ill. App. 3d 706, 714, 834 N.E.2d 539, 546 (2005). An ambiguity exists when an agreement contains language that is susceptible to more than one reasonable interpretation. Ford v. Dovenmuehle Mortgage, Inc., 273 Ill. App. 3d 240, 244, 651 N.E.2d 751, 754 (1995). Where the language is ambiguous, parol evidence may be used to decide what the parties intended. Michaelson, 359 Ill. App. 3d at 714, 834 N.E.2d at 546.

5

We review de novo an interpretation of a marital settlement agreement and a determination of whether the agreement's terms are ambiguous. Dundas, 355 Ill. App. 3d at 426, 823 N.E.2d at 242.

The Agreement's provision on life insurance benefits requires the parties to "maintain" a life insurance policy for the benefit of the children so long as the parties have an obligation to support the children or contribute to their post-secondary education. The same provision also requires the parties to "obtain and keep said policies in full force and effect and to designate the children of the parties as the sole irrevocable beneficiaries under said policies."

We find that the Agreement's language is ambiguous because it is susceptible to two different, yet equally plausible, interpretations. On the one hand, the provision can be read to require Guy to maintain the insurance policy he possessed at the time of the divorce and name the children as the beneficiaries of that policy. See Lincoln National Life Insurance Co., 71 Ill. App. 3d 900, 390 N.E.2d 506 (settlement agreement providing that the deceased would "maintain" life insurance and name his child as beneficiary required deceased to change the beneficiary of his insurance policy). Alternatively, the provision can be read to require Guy to obtain an entirely new insurance policy for the benefit of his children. Because the terms of the Agreement are susceptible to two different reasonable interpretations, parol evidence should be introduced to determine the intent of the

6

parties.  See <u>Michaelson</u>, 359 Ill. App. 3d at 714, 834 N.E.2d at 546.

The judgment of the circuit court of Will County is reversed and remanded.

Reversed and remanded.

CARTER, J., specially concurring:

I agree with the majority opinion that the divorce settlement agreement's language is ambiguous and susceptible to different interpretations regarding the entitlement to insurance proceeds. Thus, the matter should be reversed and remanded to determine the intent of the parties.  I specially concur because I  believe, on remand, the trial court should consider whether to impose a constructive trust.

The appellant in this case had filed a petition to enforce the judgment and reform the beneficiary designation of a certain life insurance policy on the father. In the brief the appellant also argues that the children had a right to the proceeds of the insurance upon the death of the insured.  A vested equitable right to the proceeds of insurance in Illinois can be enforced through the imposition of a constructive trust, if appropriate.  See <u>In re Estate of Beckhart</u>, 371 Ill.App.3d 1165, 864 N.E.2d 1002, 1006 (2007).

When a settlement agreement requires a parent to name his children as beneficiaries of a life insurance policy and the parent fails to do so, a constructive trust may be imposed on the life insurance proceeds to protect the children's interests.

7

See Beckhart, 371 Ill.App.3d 1165, 864 N.E.2d at 1007. A constructive trust is an equitable remedy that may be imposed to redress unjust enrichment caused by one party's conduct. Charles Hester Enterprises Inc. v. Illinois Founders Insurance Co., 114 Ill.2d 278, 499 N.E.2d 1319 (1986).

The purpose of a life insurance provision in a settlement agreement is to ensure that the children are adequately supported following the death of a parent. See Beckhart, 371 Ill.App.3d 1165, 864 N.E.2d at 1005. According to the Agreement, Guy and Colleen were required to perform all necessary acts to accomplish that purpose. Guy was required to make his children beneficiaries of an insurance policy, and Colleen had a responsibility to make sure that Guy fulfilled his obligations to the children by enforcing the obligation to obtain insurance and providing proof of that coverage. It appears that both Guy and Colleen failed to fulfill their duties under the Agreement to ensure that their children were properly named as beneficiaries of insurance following the death of a parent.

On remand, I would have the trial court consider whether equity allows Colleen to benefit from her nonfeasance and to divest her children of the interest she and Guy intended under the Agreement. If the trial court finds that Colleen would be unjustly enriched by retaining the insurance proceeds, the court should impose a constructive trust to hold the proceeds solely for the benefit of the children. See Beckhart, 371 Ill.App.3d 1165, 864 N.E.2d at 1007.

8

HOLDRIDGE, J., dissenting:

I respectfully dissent. This case presents us with the sole issue of whether the Agreement required Guy to change beneficiaries on his life insurance policy. When construing a contract, courts give the contractual terms their plain and ordinary meaning. Reaver v. Rubloff-Sterling, L.P., 303 Ill. App. 3d 578, 708 N.E.2d 559 (1999). If the contract's language is unambiguous, courts must determine the parties' intent solely from the words of the contract. Reaver, 303 Ill. App. 3d 578, 708 N.E.2d 559. We review the circuit court's determination of a contract de novo. Reaver, 303 Ill. App. 3d 578, 708 N.E.2d 559.

Here, the Agreement reveals that the provision on life insurance benefits does not specifically mention Guy's life insurance policy. Furthermore, the provision's plain language requires the parties to obtain life insurance policies, not change an already-existing policy. The two uses of the word "maintain" are not dispositive and refer to the requirement that the parties keep the policies in effect once they have obtained the policies. In addition, I do not believe that the generic language of the miscellaneous provision required Guy to change the beneficiary designation on his life insurance policy. Nothing in these provisions can reasonably be construed to indicate that the parties intended the children to be the beneficiaries of Guy's life insurance policy.

Lincoln National Life Insurance Co. v. Watson, 71 Ill. App. 3d 900 (1979),cited by the majority, does not support the disposition. In Lincoln National, the court ordered that the child receive the

proceeds of the father's life insurance policy, even though the father did not change beneficiaries as was required by a previous court order. However, in <u>Lincoln National</u>, unlike the instant matter, the divorce decree specifically required the father to name his children as beneficiaries of his existing life insurance policy. The same cannot be said for this case. I would hold that, under the plain language of the Agreement, Guy was not required to change the beneficiary designation on his life insurance policy, and thus the circuit court properly ordered State Farm to pay the policy's proceeds to Colleen. I dissent on that basis.