DAVID SCOTT KOENINGS *et al.*, Plaintiffs-Appellees, v. FIRST NA-TIONAL BANK AND TRUST COMPANY, as Trustee, *et al.*, Defendants-Appellants.

Second District   No. 85—0691

Opinion filed July 10, 1986.

Robert G. Coplan and Thomas E. Laughlin, both of Connolly, Hickey & Oliver, of Rockford, for appellants.

Gerald W. LaFayette, of Victor & LaFayette, of Rockford, for appellees.

JUSTICE LINDBERG delivered the opinion of the court:

Defendants Marsha Koenings (Marsha), Daniel Lee Koenings (Daniel), Christine Marie Koenings (Christine), and Amy Kristen Golden (Amy) appeal from a judgment of the circuit court of Winnebago County imposing a constructive trust upon the proceeds from certain life insurance policies and ordering defendant First National Bank and Trust Company as trustee of trust No. 5612 (the trustee) to pay those proceeds in equal shares to plaintiffs David Scott Koenings (David Scott) and Angela Frances Koenings (Angela) and defendant Christine Marie Koenings (Christine). We affirm.

Mary M. Koenings (Mary) and David A. Koenings (David A.) were married in 1963. Three children were born to them: David Scott in 1964, Christine in 1965, and Angela in 1967. In 1971, Mary and David A. divorced. Incorporated in the divorce decree was a "Property Settlement Agreement," the relevant paragraph of which provided in part:

> "5. INSURANCE. HUSBAND [David A. Koenings] has issued on his life certain policies of insurance and agrees to maintain such policies in full force and effect, pay all premiums when due and designate the children of the Parties as beneficiaries of such

policies until such time as the youngest child reaches the age of 21 or completes college, whichever last occurs. ***"

At the time Mary and David A. reached this agreement, five insurance policies with a total face value of $85,828.00 were issued on David A.'s life.

After the divorce from Mary, David A. married Marsha. Marsha had one child, Amy, from a previous marriage and one child, Daniel, was born to Marsha and David A. On April 1, 1980, David A. changed the beneficiaries under the five insurance policies from the children of his first marriage to the trustee. On April 17, 1980, he executed a will and a document titled "Trust Provisions." David A.'s plan treated all of his children from both marriages and Marsha's daughter Amy essentially alike. Part of the plan was for proceeds from several life insurance policies, including the five previously noted, to be paid to the trustee which would, subject to the "Trust Provisions," hold them for the benefit of Marsha, Amy, and David A.'s children from both marriages.

David A. died on August 6, 1983. Because of the increased value of one of the five policies, the total face value of the five life insurance policies was $168,821.60, which was paid to the trustee. David Scott and Angela brought this action seeking to enforce the insurance provision of the "Property Settlement Agreement" by imposition of a constructive trust on the proceeds from the five insurance policies. The circuit court, based upon facts the parties stipulated to, granted summary judgment for plaintiff; imposed the constructive trust; and ordered the trustee to hold the sum of $168,821.60 plus interest from the date of David A.'s death in trust in equal shares for the benefit of David Scott, Angela, and Christine to be paid to them at their individual direction. Defendants appealed. The trustee, on its motion, has since been dismissed as an appellant.

The youngest of Mary and David A.'s children was less than 21 years old at the time of David A.'s death. Consequently, the "Property Settlement Agreement" required that David Scott, Angela, and Christine be the beneficiaries under the five insurance policies at issue. David A., however, changed the beneficiaries under these policies to the trustee for the benefit of all his children, Marsha, and Amy. The general rule applicable to these facts is:

"When marital settlement agreements require an insured to maintain life insurance for the benefit of a particular beneficiary, that beneficiary has an enforceable equitable right to the proceeds of the insurance policies against any other named beneficiary except one with a superior equitable right. (*Appelman v.*

*Appelman* (1980), 87 Ill. App. 3d 749, 410 N.E.2d 199; *Lincoln National Life Insurance Co. v. Watson* (1979), 71 Ill. App. 3d 900, 390 N.E.2d 506.)" *(In re Schwass* (1984), 126 Ill. App. 3d 512, 514, 467 N.E.2d 957, 959.)

Defendants do not directly attack this rule. Rather, they raise two issues concerning the rule's application in this case.

■ They first argue that the paragraph concerning life insurance in the "Property Settlement Agreement" is a provision to provide security for the payment of child support; that as such it is modifiable even after the death of the party obliged to pay the support (Ill. Rev. Stat. 1983, ch. 40, par. 510(c); *In re Support of Halas* (1984), 104 Ill. 2d 83, 470 N.E.2d 960); and, by implication, that the life insurance provision of the "Property Settlement Agreement" should have been modified by the circuit court. This argument is flawed because, assuming defendants' characterization of the paragraph as a child-support provision is correct, plaintiffs and Christine would nonetheless be entitled to the proceeds from the five life insurance policies.

Provisions of a judgment respecting support "may be modified only as to installments accruing subsequent to the filing of the motion for modification." (Ill. Rev. Stat. 1983, ch. 40, par. 510(a); see, *e.g., Super v. Armstrong* (1980), 83 Ill. App. 3d 1062, 1065, 404 N.E.2d 1008, 1010 ("[P]ast due installments of support money are a vested right, not subject to modification either as to amount or time of payment, by any court order unless made pursuant to a petition to modify. [Citation.] The effect of such modification operates prospectively only. [Citations.]".) If the life insurance proceeds are a form of child support, plaintiffs' and Christine's right to those proceeds accrued, at the latest, at the time of David A.'s death when they became entitled to the benefits of the life insurance policies. No request for modification was made until defendants filed their answer in this action, well after David A. had died. Thus, if the life insurance provision of the "Property Settlement Agreement" is a child-support provision as defendants contend, the circuit court could not modify it after David A.'s death because plaintiffs' and Christine's right to the proceeds had already accrued.

■ Defendants argue alternatively that if plaintiffs and Christine are entitled to the proceeds from the life insurance policies, they are entitled only to an amount equal to the value of the policies at the time of Mary and David A.'s 1971 divorce. Defendants concede that an Illinois appellate court case which "seems to be the only case exactly on point anywhere in the reported case law from any jurisdiction in the country" is factually indistinguishable from the case at bar and adverse to defendants' contentions. *(In re Schwass* (1984), 126 Ill. App. 3d 512,

467 N.E.2d 957.) Defendants, apparently maintaining *Schwass* was wrongly decided, argue that the *Schwass* court relied upon a Nevada case whose facts were significantly different from those in *Schwass* in that the increase in value was in actuality due to the operation of a triple-indemnity provision. (See *McKissick v. McKissick* (1977), 93 Nev. 139, 560 P.2d 1366.) This distinction, however, misses the thrust of the *Schwass* court's use of *McKissick*. As the court said:

> "Although the situation in *McKissick* is not identical to the present case, the opinion is instructive. In *McKissick* the court focused on the intention of the parties at the time of the agreement to determine who was entitled to the increased insurance benefits. [Citations.]" (*In re Schwass* (1984), 126 Ill. App. 3d 512, 517, 467 N.E.2d 957, 961.)

We agree with the *Schwass* court's focus on the intention of the parties at the time of the agreement in resolving who is entitled to increased benefits from the policies.

Defendants concede *Schwass* is factually indistinguishable from the case at bar. The *Schwass* court summarized the operative facts and its holding in the following way:

> "In the present case, the language of the agreement provided that decedent's minor children were to be beneficiaries of the insurance policies, not of any specified dollar amount. The amounts of insurance coverage provided under the group policies increased as the employee's salary and length of employment increased. Since beneficiaries of a policy generally are entitled to the entire proceeds and nothing in the record suggests that the parties intended anything other than what was said in the agreement, that the minor children were to be the beneficiaries of the policies, we find that Pamela was entitled to her proportionate share of the entire proceeds distributed to defendant. [Citations.]" (*In re Schwass* (1984), 126 Ill. App. 3d 512, 517, 467 N.E.2d 957, 961.)

We agree that *Schwass* is indistinguishable and believe it was correctly decided. The circuit court was therefore correct in imposing a construction trust on the entire proceeds from the five life insurance policies at issue in this case.

The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

SCHNAKE and HOPF, JJ., concur.