IDS LIFE INSURANCE COMPANY, Plaintiff, v. JUANITA SELLARDS *et al.*, Defendants (Deborah Sellards Bull *et al.*, Counterplaintiffs-Appellees; Juanita Sellards, Counterdefendant-Appellant).

First District (3rd Division)   No. 86—2351

Opinion filed July 13, 1988.

Scheele, Cornelius & Associates, Ltd., of LaGrange (Stephen M. Cornelius, of counsel), for appellant.

John A. Doyle, of Chicago, for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Appellant, Juanita Sellards (Juanita), appeals from a judgment of the circuit court of Cook County imposing a constructive trust upon the proceeds from a Prudential Life Insurance Policy and requiring payment of the proceeds in equal shares to appellees Deborah Sellards Bull (Deborah) and Charles David Sellards (Charles). Juanita also appeals from a judgment of the trial court entered pursuant to an action for interpleader (Ill. Rev. Stat. 1985, ch. 110, par. 2—409) brought by plaintiff, IDS Life Insurance Company (IDS), in which the court ordered the clerk of the circuit court to pay the proceeds from the life insurance policy deposited with the court by IDS to Deborah and Charles. We affirm.

Briefly, the facts giving rise to this cause of action are as follows. Charles W. Sellards (the decedent) and Nancy Sellards were married in 1955 and divorced in 1971. Two children were born of this marriage: Deborah, born November 12, 1956, and Charles David, born September 5, 1958.

Incorporated into the decedent and Nancy's divorce decree was a marital settlement agreement which provides in relevant part:

"Defendant shall keep in full force and effect the life insurance he presently has, with the two children as irrevocable beneficiaries thereunder, and further, he shall be responsible for all items of extraordinary and unusual medical, dental, hospital and orthodonic expenses incurred on behalf of the minor children."

At the time of the divorce and until his death, the decedent was an employee of the Village of Rolling Meadows fire department.[1] As an employee, the decedent was covered under a group life insurance plan. IDS became the successor group life insurer to the Village of Rolling Meadows with respect to the life insurance policy which was previously issued in the decedent's name. At the time of the decedent's death, the IDS insurance policy was worth $31,014.99 and the two Prudential policies were worth $3,749.28 and $9,340.11, respectively.

Approximately three years after the decedent and Juanita were married, the decedent changed the designated beneficiaries on his life insurance policies from his children, Deborah and Charles, to Juanita. The decedent died on February 14, 1985. At that time, Deborah and Charles were emancipated adults. Following the decedent's death,

---

[1]At the time of the decedent's death, he was on a permanent disability leave from the Village of Rolling Meadows fire department.

Deborah and Charles learned that Juanita was the beneficiary of the IDS and Prudential policies and had received the proceeds of both Prudential policies. Thereafter, Deborah and Charles informed IDS of their interest in the remaining policy.

IDS then filed its complaint for interpleader, seeking a judicial determination of the appropriate beneficiary of the proceeds of the IDS life insurance policy issued to the decedent. In response to IDS' complaint for interpleader, Deborah and Charles filed their reply and countercomplaint for imposition of a constructive trust on the proceeds of the Prudential policies paid to Juanita. Deborah and Charles subsequently filed an amended countercomplaint, and Juanita filed a motion to dismiss in which she alleged certain affirmative matters. Upon motion of Deborah and Charles, these affirmative matters were stricken by the trial court. Deborah and Charles then filed a section 2—615 motion for judgment on the pleadings. (Ill. Rev. Stat. 1987, ch. 110, par. 2—615.) Juanita filed her response.

Thereafter, the trial court granted Deborah and Charles' section 2—615 motion and found that pursuant to the terms of the decedent and Nancy's divorce decree, both Deborah and Charles were entitled to a constructive trust on the total amount of the proceeds from the Prudential policies received by Juanita. The trial court further determined that Deborah and Charles were also entitled to the total amount of the IDS proceeds deposited with the clerk of the court. This appeal followed.

Juanita initially assigns as error the trial court's denial of her motion to dismiss Deborah and Charles' amended countercomplaint for the imposition of a constructive trust. Juanita contends that Deborah and Charles failed to allege sufficient facts to support their request that a constructive trust be imposed against her for the proceeds she received from the decedent's two Prudential life insurance policies. We find no merit to this argument.

■■ ■ The law is well settled in Illinois that when a marital settlement agreement requires an insured to maintain life insurance for the benefit of a particular beneficiary, the beneficiary has an enforceable equitable right to the proceeds of the insurance policies against any other named beneficiary, except óne with a superior equitable right. (*Koenings v. First National Bank & Trust Co.* (1986), 145 Ill. App. 3d 14, 16, 495 N.E.2d 671, 673; *In re Schwass* (1984), 126 Ill. App. 3d 512, 514, 467 N.E.2d 957, 959.) As our statement of the facts giving rise to this appeal illustrates, it is clear that Deborah and Charles set forth more than sufficient facts to state a claim for the imposition of a constructive trust on the proceeds of the Prudential

policies payed out to Juanita. Accordingly, Juanita's argument concerning this issue must fail.

Juanita next contends that the trial court erred in granting Deborah and Charles' section 2—615 motion for judgment on the pleadings. Juanita argues that a genuine issue of material fact exists as to whether Deborah and Charles were to remain the beneficiaries of the insurance policies at issue following their emancipation.

■ Initially, a motion for judgment on the pleadings raises the question of whether the pleadings present a triable issue of fact. If at least one issue of fact is present, then evidence must be taken and a trial court is precluded from entering judgment on the pleadings. However, a motion for judgment on the pleadings does not test whether there is any evidence to support the pleadings, but whether the pleadings present a material issue of fact. If a material issue of fact is presented, judgment on the pleadings may not be entered. If no issue of triable fact is presented, a trial court may then, as a matter of law, determine which party is entitled to judgment in its favor. *Heritage Standard Bank & Trust Co. v. Trustees of Schools of Township No. 37 North* (1980), 84 Ill. App. 3d 653, 659-60, 405 N.E.2d 1196, 1201.

In the present case, resolution of the issue raised by Juanita depends upon the interpretation of paragraph 6(h) of the decedent and Nancy Sellards' divorce decree. This provision states:

"Defendant shall keep in full force and effect the life insurance he presently has, with the two children as irrevocable beneficiaries thereunder, and further, he shall be responsible for all items of extraordinary and unusual medical, dental, hospital and orthodontic expenses incurred on behalf of the minor children."

It is Juanita's contention that this provision is ambiguous due to the inclusion of the words "children" and "minor children" in the same paragraph. Juanita interprets this paragraph to mean that the decedent was only required to keep Deborah and Charles as the beneficiaries of the life insurance policies during their minority. Under Juanita's interpretation, the decedent's voluntary redesignation of her as the beneficiary of the insurance policies defeats any equitable claim that Deborah and Charles would have to the proceeds of these policies.

Deborah and Charles, however, argue that the language of paragraph 6(h) of the decedent's divorce decree is clear and unambiguous. Deborah and Charles therefore conclude that pursuant to the plain language of paragraph 6(h) and applicable case law, the trial court

correctly imposed a constructive trust upon the Prudential insurance proceeds received by Juanita. Deborah and Charles further conclude that the trial court properly determined that they are entitled to the IDS insurance proceeds.

■ It is well settled that in analyzing the provisions of a divorce decree, we must seek to give effect to the apparent intent of the trial court and the interpretation of the parties. It is likewise well settled that in such circumstances, the normal rules pertaining to the construction of contracts apply. As a result, we must ascertain the intent of the parties from the instrument itself unless the language of the instrument is ambiguous. Ambiguous language is language reasonably susceptible to more than one meaning, and whether an ambiguity exists is a question of law to be determined by the trier of fact. *McWhite v. Equitable Life Assurance Society* (1986), 141 Ill. App. 3d 855, 864, 490 N.E.2d 1310, 1317.

■ Here, paragraph 6(h) required the decedent to do three things: (1) maintain the life insurance he possessed at the time of the divorce; (2) keep Deborah and Charles as irrevocable beneficiaries thereunder; and (3) provide for the extraordinary and unusual medical, dental, hospital and orthodontic expenses incurred on behalf of Deborah and Charles during their minority. Clearly, Juanita cannot zero in on two words in the divorce decree to raise an issue of ambiguity. We do not believe that the utilization of the words "minor children" in delineating the decedent's responsibility for extraordinary medical expenses creates an ambiguity in that portion of the paragraph concerning the maintenance of the decedent's insurance policies.

To the contrary, paragraph 6(h) clearly requires that Deborah and Charles be named irrevocable beneficiaries of the decedent's life insurance policies. As such, under no circumstances could the decedent revoke the rights of Deborah and Charles to receive the proceeds of these policies upon his death. Had the parties intended to provide the decedent with the right to effectuate a change of beneficiary following the emancipation of Deborah and Charles, they could have done so with a specific statement to that effect. Absent such a provision, the trial court was precluded from reaching the result desired by Juanita. Therefore, Deborah and Charles clearly possess an equitable right to the proceeds of the IDS and Prudential insurance policies held by the decedent at his death.

Based upon our interpretation of paragraph 6(h), we must next address the trial court's finding that Deborah and Charles' equitable right to the proceeds of the insurance policies is superior to that held

by Juanita as the designated beneficiary of these policies. Juanita argues that the trial court erred in striking certain affirmative matters she raised in her answer to Deborah and Charles' amended counter-complaint. It is Juanita's contention that these affirmative matters establish her superior equitable right to the insurance proceeds.

In her answer, Juanita claimed a superior equitable right to the proceeds of the decedent's insurance policies on the basis that: (1) Deborah and Charles are both emancipated adults; (2) she was not named as beneficiary of the policies until after Deborah and Charles became emancipated, approximately three years after her marriage to Charles as his third wife; (3) she had no knowledge of the terms of the earlier divorce decree; and (4) that her income is insufficient to meet the financial responsibilities incurred as a result of Charles' lingering illness and death. Upon motion of Deborah and Charles, the trial court entered an order striking these allegations.

Initially, while we find merit to Juanita's argument that she should have been allowed to plead the affirmative matters raised in her answer, we conclude that the pleading of these matters would not have changed the decision we must reach here. Illinois law is clear that the affirmative matters raised by Juanita are insufficient to state a right to the proceeds of an insurance policy superior to the rights of those specifically required to be named as beneficiaries in a divorce decree. (*In re Schwass* (1984), 126 Ill. App. 3d 512, 514, 467 N.E.2d 957, 959; *Brunnenmeyer v. Massachusetts Mutual Life Insurance Co.* (1978), 66 Ill. App. 3d 315, 318, 384 N.E.2d 446, 448.) We note that in both *In re Schwass* and *Brunnenmeyer,* the affirmative matters raised by the decedents' spouses were equal to, or more compelling than, those Juanita attempted to present to the trial court here. As such, regardless of the affirmative matters Juanita sought to raise, we are constrained to uphold the trial court's determination that Charles and Deborah possess the superior equitable right to the proceeds of the decedent's life insurance policies with IDS and Prudential.

Accordingly, the decision of the trial court imposing a constructive trust on the proceeds of the Prudential life insurance policies and entering judgment against Juanita in favor of Deborah and Charles for the amount of these proceeds is affirmed. The decision of the trial court awarding the proceeds of the IDS insurance policies to Deborah and Charles is likewise affirmed.

Affirmed.

McNAMARA and FREEMAN, JJ., concur.