141 F.3d 1178
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Plaintiff,
v.
Humilde S. HOFILENA, aka Humilde H. Sanford, aka Melanie H.
Sanford, aka Sarah T. Sanford, Defendant-Appellant,
v.
Merry L. Sanford, Defendant-Appellee.
 No. 97-15910.
D.C. No. CV-96-01918-CAL.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1998**
Decided March 16, 1998.
 
 1
 Appeal from the United States District Court for the Northern District of California Charles A. Legge, District Judge, Presiding.
 
 
 2
 Before FERGUSON and THOMAS, Circuit Judges, and MOLLOY,*** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 The parties are familiar with the factual and procedural history and we will not recount it here except as necessary to clarify our decision.
 
 
 5
 The district court properly awarded Merry Sanford the entire amount of the proceeds from Kenneth Sanford's Northwestern Mutual Life Insurance ("Northwestern") policies. Under Illinois law, an individual claiming a superior equitable interest in insurance proceeds may make a direct claim against the proceeds or the named beneficiary. See Perkins v. Stuemke, 223 Ill.App.3d 839, 166 Ill.Dec. 103, 585 N.E.2d 1125 (Ill.App.Ct .1992). When the divorce decree between Humilde Hofilena and Kenneth Sanford was entered, Merry Sanford obtained a superior equitable interest in Kenneth Sanford's Northwestern policies. Perkins, 166 Ill.Dec. 103, 585 N.E.2d at 1127. As a result, a constructive trust on those insurance policies was created for the benefit of Merry Sanford. Id.
 
 
 6
 The divorce decree unambiguously provided that Kenneth Sanford was to maintain an insurance policy for the benefit of Merry Sanford until she reached the age of twenty-two, or she finished her education, whichever occurred later. At the time Kenneth Sanford died, Merry Sanford's equitable interest in Kenneth Sanford's life insurance policies had not yet terminated because Merry Sanford was still in the process of finishing her education. Kenneth Sanford's purchase of an additional life insurance policy through Sun Life Assurance Company of Canada did not replace Merry Sanford's equitable interest in Kenneth Sanford's Northwestern polices because Merry Sanford's equitable interest under Illinois law was limited to the policies in existence when the divorce decree was entered, not additional policies purchased subsequently. See McWhite v. Equitable Life Assur. Soc. of the United States, 141 Ill.App.3d 855, 96 Ill.Dec. 105, 490 N.E.2d 1310, 1315-16 (Ill.App.Ct.1986).
 
 
 7
 Merry Sanford's equitable interest extends to the entire amount of the Northwestern proceeds. Although appellate courts in Illinois have held that a child's equitable interest can be limited to the amount stated in the divorce decree, Perkins, 166 Ill.Dec. 103, 585 N.E.2d at 1130, those courts reached their conclusion by focusing on the intentions of the parties to the decree. See In re Schwass, 126 Ill.App.3d 512, 81 Ill.Dec. 835, 467 N.E.2d 957, 961 (Ill.App.Ct.1984); Koenings v. First Nat'l Bank and Trust Co., 145 Ill.App.3d 14, 99 Ill.Dec. 224, 495 N.E.2d 671, 674 (Ill.App.Ct.1986). If the parties to the decree intended for Hofilena to retain any interest in Kenneth Sanford's Northwestern insurance policies, the parties could certainly have provided for that in their decree. The absence of any such provision indicates that Kenneth Sanford and Hofilena did not intend for Hofilena to retain an interest in Kenneth Sanford's Northwestern policies. Thus, Hofilena is not entitled to receive the increased value in the Northwestern insurance policies. Merry Sanford is therefore entitled to receive the entire amount of the proceeds from Kenneth Sanford's Northwestern policies.
 
 AFFIRMED
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 * Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3