2024 IL App (1st) 231016

THIRD DIVISION
March 29, 2024

No. 1-23-1016

| | |
|---|---|
| IN RE ESTATE OF CHRIS A. TACHER, | ) Appeal from the |
| | ) Circuit Court of |
| Deceased, | ) Cook County |
| | ) |
| | ) No. 2002 P 004767 |
| | ) |
| | ) |
| GALENA NEALY, as Guardian of CHRISTOPHER TACHER, | ) |
| a minor, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| ESTATE OF CHRIS A. TACHER, | ) Honorable |
| | ) Terrence J. McGuire, |
| Defendant-Appellee, | ) Judge, Presiding. |

JUSTICE D.B. WALKER delivered the judgment of the court, with opinion.
Presiding Justice Reyes and Justice Lampkin concurred in the judgment and opinion.

## OPINION

¶ 1    Plaintiff Galena Nealey, as guardian of minor Christopher Tacher, appeals the judgment of the circuit court dismissing her claim for support and education expenses against defendant, the estate of Chris A. Tacher. The court found that proceeds from the decedent's $500,000 Massachusetts Mutual life insurance policy satisfied his financial obligations under the marital settlement agreement (MSA). On appeal, plaintiff contends that her claim should not have been dismissed where the MSA gave Christopher an equitable interest in all of the proceeds from the

decedent's American Family life insurance policy, regardless of the existence of the Massachusetts Mutual policy. For the following reasons, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3      Plaintiff and Chris Tacher were married on March 22, 2000. Their only child, Christopher, was born on September 29, 2006.

¶ 4      Plaintiff and Chris were divorced on April 17, 2013, and their MSA was incorporated into the dissolution judgment. Article II of the MSA set forth provisions "relating to minor children." The following paragraphs are relevant to this appeal:

> "5. CHILD SUPPORT. HUSBAND agrees to pay to WIFE for the support and maintenance for the minor child, Christopher ***, the sum of $1,000.00 per month. ***
>
> ***
>
> 11. COLLEGE. HUSBAND and WIFE shall provide the child with a college education if the said child attends an accredited college, university or trade school as a full-time student, even though they have reached the age of majority, if the child is educable and each party shall pay in accordance with the party's financial ability to provide said education and considering the financial resources of the child. ***
>
> 12. LIFE INSURANCE. For the purpose of securing payment of child support and college expenses, HUSBAND shall maintain in full force and effect any and all existing life insurance which HUSBAND now carries on HUSBAND's life designating the minor child (or equivalent trust for their benefit) irrevocable beneficiaries on said life insurance during the child's minority. HUSBAND shall provide WIFE with proof of beneficiary immediately upon entry of any judgment of dissolution of marriage and with quarterly

evidence of premium payment. In no event may HUSBAND borrow, pledge or collateralize on the said policies. American Family $500,000."

¶ 5 At the time of the dissolution judgment, Chris possessed a $500,000 life insurance policy through American Family Insurance Company and Christopher was designated as the beneficiary. In September 2015, after the divorce, Chris procured an additional $500,000 life insurance policy through Massachusetts Mutual Life Insurance Company. Christopher was named the sole beneficiary of that policy.

¶ 6 In 2016, Chris married Denitsa (Deni). No children were born from the marriage. On April 5, 2017, Chris changed the beneficiary designation of his American Family life insurance policy to add Deni as a beneficiary. Christopher remained a co-beneficiary of the policy.

¶ 7 Chris died in May 2022, and Deni was appointed independent administrator of his estate. At the time, Christopher was 16 years old. On November 17, 2022, pursuant to the life insurance policy Chris purchased in 2015, Massachusetts Mutual issued a check for $507,900.07, payable to plaintiff as guardian of Christopher.

¶ 8 On January 23, 2023, plaintiff filed a claim against the estate, on behalf of Christopher, for child support and future educational expenses as provided in the MSA.[1] Deni, as administrator of the estate, filed a motion to dismiss the claim pursuant to sections 2-619(a)(4) and (a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(4), (a)(9) (West 2022)). Deni argued, in relevant part, that Christopher's share of proceeds from the American Family policy, together with the proceeds from the Massachusetts Mutual policy, sufficiently covered the estate's obligation to

---

[1] Christopher filed a constructive trust action in chancery court on May 26, 2022, regarding the proceeds of the American Family policy. The action was dismissed for lack of standing. His motion to reconsider that determination is pending.

provide for his support and future college expenses. In response, plaintiff argued that the MSA required Chris to designate Christopher as the irrevocable beneficiary of the American Family policy. Therefore, Christopher had a vested right in the entire proceeds of the American Family policy. Plaintiff argued that the Massachusetts Mutual policy had no effect on that right.

¶ 9 The circuit court dismissed plaintiff's claim with prejudice, finding that "[d]ecedent has complied with the financial obligations of Paragraph 12 of Decedent's Marital Settlement Agreement." Plaintiff filed this appeal.

¶ 10                                    II. ANALYSIS

¶ 11 Dismissal under section 2–619(a)(9) is proper where affirmative matter defeats the claim. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 115 (1993). Affirmative matter defeating the claim either completely negates the alleged cause of action, or it refutes crucial conclusions of law or conclusions of material fact unsupported by specific factual allegations in the complaint. *Smith v. Waukegan Park District*, 231 Ill. 2d 111, 121 (2008). When reviewing a section 2-619 dismissal, we accept as true all well-pleaded facts in plaintiff's complaint and draw all reasonable inferences in plaintiff's favor. *Bjork v. O'Meara*, 2013 IL 114044, ¶ 21. We review a section 2-619 dismissal *de novo*, which means we perform the same analysis the circuit court would perform. *Jorgensen v. Berrios*, 2020 IL App (1st) 191133, ¶ 21. We may affirm the circuit court's judgment on any basis supported by the record, regardless of whether the court relied on that basis in its decision. *Id.*

¶ 12 The MSA in this case required Chris to designate Christopher as an irrevocable beneficiary of his existing American Family life insurance policy, which he did. Plaintiff claims, however, that Chris unilaterally violated the MSA by later adding Deni as a beneficiary. According to plaintiff, although Christopher is entitled to half of the proceeds from the policy due to his designation as a

co-beneficiary, he is also entitled to the remaining half of the proceeds designated to Deni pursuant to the MSA. As support, plaintiff cites a number of cases including *Schwass By and Through Postillion v. Schwass*, 126 Ill. App. 3d 512 (1984), *Estate of Comiskey*, 125 Ill. App. 3d 30 (1984), *Allen v. Allen*, 226 Ill. App. 3d 576 (1992), and *Koenings v. First National Bank and Trust Co.*, 145 Ill. App. 3d 14 (1986).[2]

¶ 13    In these cases, the insured parent failed to designate the minors as beneficiaries of *any* policy, in contravention of the marital settlement agreement or dissolution judgment. Consequently, the proceeds of their policies were wrongly distributed to other named beneficiaries. The court in each case found that when a marital settlement agreement requires an insured to maintain life insurance for the benefit of a beneficiary, "that beneficiary has an enforceable equitable right to the proceeds of the insurance policies against any other named beneficiary except one with a superior equitable right." *Schwass*, 126 Ill. App. 3d at 514; see also *Comiskey*, 125 Ill. App. 3d at 36; *Allen*, 226 Ill. App. 3d at 585; *Koenings*, 145 Ill. App. 3d at 16; and *Appelman v. Appelman*, 87 Ill. App. 3d 749, 754 (1980).

¶ 14    Unlike the minors in the cited cases, Christopher was designated as a beneficiary of the American Family policy. His designation was never revoked, and he remained a beneficiary of the policy when Chris died in May 2022. Plaintiff does not dispute that Christopher is entitled to half of the proceeds from the American Family policy due to his designation as a beneficiary. She contends, however, that like the minors in *Schwass*, *Comiskey*, *Allen*, and *Koenings*, Christopher

---

[2] Plaintiff also cites numerous cases from other states as support. However, decisions of foreign courts are not binding on this court and are most persuasive where Illinois authority on the issue is lacking or absent. *Draper and Kramer, Inc. v. King*, 2015 IL App (1st) 132073, ¶ 31. Here, we need not consider cases from other jurisdictions as there exists relevant Illinois law addressing the issue.

had an equitable interest in the entire proceeds of the policy. Therefore, Christopher had a superior equitable interest in the remaining half of the proceeds designated to Deni.

¶ 15    In holding that the beneficiaries were entitled to the entire proceeds of the policy, the court in these cases found it significant that the settlement agreement or dissolution judgment only required that the minors be made beneficiaries of certain policies existing at the time. The insurance provision did not state that the beneficiaries would receive only a specified amount, nor did it contain language limiting the beneficiaries' receipt of the proceeds. Therefore, to effectuate this clear intent, the court extended the beneficiary's equitable interest to the entire proceeds of the policy at the time of the insured's death. See *Comiskey*, 125 Ill. App. 3d at 34 (finding that the minor was entitled to her share of the entire proceeds where the divorce decree contained no language indicating an intent to disburse the proceeds "only to the extent of the support obligations"); see also *Schwass*, 126 Ill. App. 3d at 517; *Allen*, 226 Ill. App. 3d at 586-87; and *Koenings*, 145 Ill. App. 3d at 18.

¶ 16    Here, paragraph 12 of the MSA specifically provided that the American Family policy shall be maintained "[f]or the purpose of securing payment of child support and college expenses." In construing a contract, courts must give effect to each word so as not to render any part meaningless or superfluous. *Wolfensberger v. Eastwood*, 382 Ill. App. 3d 924, 934 (2008). Paragraph 12 clearly stated that the proceeds of the policy were to be used towards Chris' obligation for child support and his share of college expenses. Therefore, Christopher was not entitled to the entire proceeds of the policy outright. Rather, he was entitled to the proceeds required to satisfy Chris' financial obligations pursuant to the unambiguous terms in paragraph 12. In the cases cited by plaintiff, the agreement contained no such qualifying language.

¶ 17    Furthermore, although the MSA identified the $500,000 American Family policy, there is no indication that the parties intended only for that policy to apply in paragraph 12. Marital settlement agreements are contracts and, as such, the rules governing the interpretation of contracts apply. *In re Marriage of Lyman*, 2015 IL App (1st) 132832, ¶ 71. "The primary goal of contract interpretation is to give effect to the parties' intent by interpreting the contract as a whole and applying the plain and ordinary meaning to unambiguous terms." *Joyce v. DLA Piper Rudnick Gray Cary LLP*, 382 Ill. App. 3d 632, 636–37 (2008); see also *IDS Life Insurance Co. v. Sellards*, 173 Ill. App. 3d 174, 179 (1988) (finding that when analyzing the provisions of a divorce decree, courts must give effect to the intent of the trial court and parties, as ascertained from the language of the instrument itself).

¶ 18    Paragraph 12 provides that, "[f]or the purpose of securing payment of child support and college expenses," Chris was required to "maintain in full force and effect any and all existing life insurance which [he] now carries," and to designate Christopher as an irrevocable beneficiary. While the provision indicated that Chris possessed a $500,000 American Family policy, it did not require that Chris maintain that specific *policy*. Thus, reading the provision as a whole, the overall intent of paragraph 12 was to ensure that at least $500,000 in life insurance *proceeds* would be available to Christopher to cover the stated obligations in the event of his father's death. Whether the proceeds come from the listed American Family policy, or from another policy, was not the primary concern. This intent mirrors the well-established rule that a beneficiary's equitable interest in the proceeds of a policy is not dependent on the specific policy itself. See *Perkins v. Stuemke*, 223 Ill. App. 3d 839, 843-44 (1992).

¶ 19    Accordingly, a beneficiary's equitable interest can extend to a subsequent policy, even if that policy did not exist at the time of the settlement agreement. See *Appelman*, 87 Ill. App. 3d at

754, citing approvingly to *McKissick v. McKissick*, 93 Nev. 139, 560 P.2d 1366 (1977); see also *Schwass*, 126 Ill. App. 3d at 516 (finding that "the mere substitution or replacement of policies does not defeat one's vested equitable interest"). Therefore, if we presume that Christopher had an equitable interest in the entire proceeds of the $500,000 American Family policy, and Chris violated the MSA by naming Deni a co-beneficiary of the policy, Christopher's interest was nonetheless covered by the $500,000 Massachusetts Mutual policy Chris obtained subsequent to the divorce.

¶ 20    Plaintiff cites *McWhite v. Equitable Life Assurance Society of the United States*, 141 Ill. App. 3d 855 (1986), to argue that policies obtained subsequent to the MSA cannot be used to satisfy Christopher's claim. In *McWhite*, the dissolution judgment required the father to name his minor child as the irrevocable beneficiary of life insurance policies with a total of $80,000 in coverage. Three months after the divorce, the father purchased through his employer two additional life insurance policies totaling $220,000 in coverage. *Id.* at 857. He later changed the beneficiary designation of all his life insurance policies to name his second wife as a co-beneficiary with his child. *Id.* After the father's death, the court ordered that the minor receive $80,000 in proceeds from the policies, which represented the amount of insurance existing at the time of the dissolution judgment. *Id.* at 858. The parties did not dispute the $80,000 distribution. The minor, however, also claimed an equitable right to the entire $220,000 in proceeds from the policies his father acquired after the divorce, citing *Schwass*. *Id.*

¶ 21    The *McWhite* court found that, unlike the beneficiary in *Schwass*, the minor had no equitable interest in the after-acquired policies because they were not successor policies to the policies existing at the time of the dissolution judgment. *Id.* at 863. Rather, they were additional policies purchased subsequent to the judgment. *Id.*

¶ 22    In *McWhite*, the minor had received $80,000 in proceeds, which completely satisfied his equitable interest in his father's policies pursuant to the divorce judgment. The minor then tried to claim an equitable interest in the entire $220,000 proceeds of the subsequent policies, even though he was only a co-beneficiary. The court held that because the minor had no equitable interest in those policies at the time of the dissolution, he presently did not have such interest. *Id*. at 863. Nothing in *McWhite* contradicts the recognized rule that a beneficiary's equitable interest is not policy-dependent and can be extended to policies that did not exist when the dissolution judgment was entered.[3]

¶ 23    Christopher was the beneficiary of at least $750,000 in proceeds from life insurance policies maintained by Chris. This amount exceeded the $500,000 Chris was obligated to provide under the terms of the MSA. Furthermore, Christopher already received a check from Massachusetts Mutual for $507,900.07, which satisfied Chris's obligation pursuant to paragraph 12. This affirmative matter completely defeats plaintiff's claim for child support and college expenses against the estate. Therefore, as a matter of law, defendant was entitled to a judgment of dismissal. See *Kedzie*, 156 Ill. 2d at 117.

¶ 24                                    III. CONCLUSION

¶ 25    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 26    Affirmed.

---

[3] Plaintiff also quotes *Prudential Insurance Co. of America v. Boyd*, 781 F.2d 1494, 1497 (11th Cir. 1986), which found that "[t]he existence of other life insurance is irrelevant to whether the Prudential policy was subject to the divorce decree." This case is not applicable here. The issue in *Prudential* did not involve the relevance of policies obtained subsequent to the divorce decree.

***In re Estate of Chris A. Tacher*, 2024 IL App (1st) 231016**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2002-P-004767; the Hon. Terrence J. McGuire, Judge, presiding. |
| **Attorneys for Appellant:** | Gary A. Weintraub, of Gary A. Weintraub, P.C., of Northfield, and Alfred D. Stavros, of Stavros Law Offices, of Wheeling, for appellant. |
| **Attorneys for Appellee:** | Tom P. Gregory, of Gregory Law Offices, Ltd., of Park Ridge, for appellee. |